UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECILIA WILSON, as guardian for R.W., a minor, KEVIN and CECILIA WILSON, individually and as husband and wife, CANDACE DAWSON, a guardian for J.D., and CANDACE DAWSON, individually; CANDI LANDIS, as guardian for A.L., a minor, BRANDON BASTIN, as guardian for J.M.B., a minor, TESSA GREEN, as guardian for W.L., a minor, JANE DOES 1-10 and JOHN DOES 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>LONGVIEW SCHOOL DISTRICT, a municipal corporation; MINT VALLEY ELEMENTARY SCHOOL, a municipal corporation, JERRY STEIN, in his individual and official capacity, PATRICK KELLEY, in his individual and official capacity, SUZANNE CUSICK, in her individual and official capacity, NANCY BEAN, in her individual and official capacity; JANE DOES 1-10, and JOHN DOES 1-10,<br><br>Defendants. | CASE NO. 15-5863 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR FED. R. CIV. P. 35 EXAM |

This matter comes before the Court on Defendants' Motion for Fed. R. Civ. P. 35 Exam. Dkt. 33. The Court has considered the pleadings filed regarding the motion and the file herein.

### I.     FACTS

This case arises from Defendants' alleged use of an isolation room to discipline children attending Mint Valley Elementary School in Longview, Washington. Dkt. 22. In their Amended Complaint, filed June 29, 2016, Plaintiffs make claims for violations of their federal constitutional rights under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, and for violations of their Washington state constitutional rights "to equal access to their education without unreasonable restraint and isolation," and for negligence, outrage and loss of consortium. *Id.* Plaintiffs assert that each of the children have suffered mental damage as a result. *Id.* The parties have exchanged discovery, including the children's mental health records.

On January 9, 2017, the Second Amended Minute Order Resetting Trial and Pretrial Dates was entered. Dkt. 28. This order set the expert witness disclosure deadline for June 7, 2017, the discovery deadline for August 6, 2017, the dispositive motions deadline for September 5, 2017, and trial was set to begin on December 4, 2017. *Id.*

On June 2, 2017, the Defendants' counsel notified the Plaintiffs' counsel that they intended to conduct Fed. R. Civ. P. 35 medical examinations of the children in an email which discussed several other discovery related issues. Dkt. 37, at 73. On June 6, 2017, Plaintiffs' counsel responded by email and made several inquires, including the nature of the Rule 35 examination, scope, and possible tests; counsel also discussed other discovery. Dkt. 37, at 71.

The next day, June 7, 2017, (which was also the expert witness disclosure deadline) the Defendants' counsel replied, indicating that their medical expert, Dr. Hower Kwon, was still

1 reviewing the medical files and that they couldn't offer specifics regarding the Rule 35 exams at
2 that time. Dkt. 37, at 70. (Defendants also sent Defendants' Expert Disclosure to Plaintiffs and
3 disclosed that Dr. Kwon would be conducting Rule 35 examinations of the children, would
4 produce a report, and would testify. Dkt. 37, at 87). On June 8, 2017, Plaintiffs' counsel wrote
5 Defendants' counsel and asserted that the Plaintiffs' expert witness disclosures were inadequate.
6 Dkt. 37, at 74.

7 On June 12, 2017, Defendants' counsel responded, and asserted that Dr. Kwon's "reports
8 are not dependent on [Rule 35 medical examinations]," noted that Dr. Kwon's report indicates
9 that he will supplement it, and estimated that the final supplement will be produced by the week
10 of July 3, 2017. Dkt. 37, at 76. On July 5, 5017, Defendants' counsel emailed Plaintiffs' counsel
11 and notified him that Dr. Kwon will be producing his report that week, and there should be no
12 prejudice because expert witness depositions were scheduled two months later. Dkt. 37, at 78.
13 He indicates further, that "Defendants will also disclose Dr. Kwon . . . as a rebuttal expert on
14 July 7." *Id.* Defendants' counsel further writes "[r]egarding the Rule 35 examinations, we will
15 have to set a conference to discuss this issue in-depth." *Id.*

16 On July 5, 2017, Plaintiffs' counsel responded, and stated that a month has lapsed and
17 they still have not received any of the material required for Dr. Kwon. Dkt. 37, at 78. He
18 asserted that they object to the use of Dr. Kwon as a witness. *Id.* Further, Plaintiffs' counsel
19 maintained that any "Rule 35 request for a medical examination of the children at this time is not
20 timely as its only relevance would derive from the testimony of Dr. Kwon." *Id.* Plaintiffs'
21 counsel indicated that they will "be objecting to your [Rule 35 examination] requests." *Id.*

22 On July 25, 2017, the Court granted another stipulation to extend the discovery deadline
23 to September 22, 2017 and the dispositive motions deadline to September 21, 2017. Dkt. 32.

24

On August 29, 2017, Defendants' counsel emailed Plaintiffs' counsel and stated:

> On the subject of Dr. Kwon, we would like to request that the five student plaintiffs be made available for brief interviews with Dr. Kwon. These would probably last 45 minutes or so, and could take place during non-school hours or weekends in Longview and in Seattle for the Dawsons. This follows up on my requests from earlier in this case. I'm aware that [Plaintiffs' counsel] has objections based on the timing of Dr. Kwon's disclosure. I suggest we take up this topic during our meet and confer so we can raise the issue with the Court through a LCR 37 submission.

Dkt. 37, at 84. Plaintiffs' counsel responded on August 30, 2017 and objected to the Rule 35 examinations. Dkt. 37, at 82. He writes, "[w]hile you disclosed a 'rebuttal' report from Dr. Kwon on July 7, 2017, you still have not filed the required motion for a FRCP 35 examination with the court." *Id.* The Plaintiffs' counsel states that they believed that any such motion was untimely. *Id.* He further writes, "[t]here is no outstanding order from the court authorizing a FRCP 35 exam and there is not outstanding discovery request by you that would warrant such a motion." *Id.*

The next day, Defendants' counsel wrote Plaintiffs' counsel and stated that he would not insist they discuss the Rule 35 examinations anymore and will proceed with a motion. Dkt. 37, at 80.

On August 31, 2017, Defendants moved for an order compelling the children to submit to a Fed. R. Civ. P. 35 medical examination. Dkt. 33. Plaintiffs oppose the motion, asserting that it is untimely. Dkt. 35. For the reasons provided below, the motion (Dkt. 33) should be granted.

## II. DISCUSSION

Under Fed. R. Civ. P. 26 (b)(1): "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . " Fed. R. Civ. P. 35 (a)(1) provides: "[t]he court where the action is pending may order a party whose mental or physical condition--including

blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35 (a)(2) further provides that the order "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

Plaintiffs have asserted that the children were emotionally and mentally damaged as a result of Defendants' actions. Accordingly, they have put the children's mental health at issue. Defendants have shown good cause for an order requiring the children to submit to a Rule 35 examination. The Plaintiffs contention that the motion is not timely is not well taken. The Plaintiffs have known since June 2, 2017 that Defendants intended for Dr. Kwon to examine the children and Defendants have been diligent in attempting to work out a solution that is acceptable for everyone. The Plaintiffs failure to cooperate with Defendants was unnecessary, particularly after they put the children's mental health at issue.

Defendants' motion (Dkt. 33) should be granted. The Rule 35 examination, to be conducted by Dr. Hower Kwon. The examination should last around 45 minutes per child and include a personal interview of each child. The parties should work together to come up with a time and place for each examination, preferably outside school hours. The parties are further encouraged to work together to resolve any other issues (manner or conditions) that arise in connection with these examinations. The discovery deadline should be extended only for these examinations to take place.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion for Fed. R. Civ. P. 35 Exam (Dkt. 33) **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of September, 2017.

/s/ Robert J. Bryan

ROBERT J. BRYAN
United States District Judge